UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEPHEN MICHAEL DE LONG,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>BRIAN CRAIG PHELPS, et al.,<br><br>　　　　　　　　　　Defendants. | Case No. 3:12-cv-00490-MMD-VPC<br><br>ORDER |

The Court dismissed this action with prejudice on July 16, 2013 ("Dismissal Order") (dkt. no. 20). On January 16, 2014, Plaintiff filed the following documents: Notice of Intent to File a Motion to Vacate the Order of Dismissal and the Order Granting Summary Judgment in Favor of the Defendants; Motion to Vacate the U.S. District Court's Order of Dismissal and the Order Granting Summary Judgment in Favor of the Defendants; Request to Take Judicial Notice of the Plaintiff's Supplemental Claim for Damages Against Washoe County; Plaintiff's Opposition to U.S. Magistrate Judge's Recommendation for Court Order Granting Summary Judgment in Favor of Defendants; and Request to Take Judicial Notice of Plaintiff's Claim for Damages Lodged Against Washoe County. (Dkt. nos. 22–26.) For the reasons discussed below, Plaintiff's motions are denied.

Plaintiff's Motion to Vacate (dkt. no. 23) requests that the Court vacate its Dismissal Order pursuant to Fed. R. Civ. P. 60(b)(1) and 60(b)(2). Under Rule 60(b)(1) and (2), a court may relieve a party from a final judgment, order or proceeding only in the

following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; or (2) newly discovered evidence. A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). On the other hand, a motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (holding that a district court properly denied a motion for reconsideration in which the plaintiff presented no arguments that were not already raised in his original motion). Motions for reconsideration are not "the proper vehicles for rehashing old arguments," *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994) (footnotes omitted), and are not "intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977).

Plaintiff fails to point to any mistake or newly discovered evidence to warrant reconsideration. Plaintiff argues that genuine material issues of facts remain for trial as to whether Defendants had used state law procedure to illegally seize his property. However, the Court's Dismissal Order found Plaintiff failed to allege the facts sufficient to support his claims, not that no genuine issues of facts remain. In particular, the Court found that Plaintiff's Complaint failed to allege any state involvement necessary to transform the alleged private acts of individual defendants Phelps, Flanagan, and Beko, who are private actors, into state actions under 42 U.S.C. § 1983. The Court also found that the Complaint failed to allege any facts that Washoe County or the Washoe County Sheriff's Department employed a policy, custom, or practice directing its employees to unlawfully confiscate an individual's storage unit without valid writ of execution.

It is therefore ordered that Plaintiff's Motion to Vacate the U.S. District Court's Order of Dismissal and the Order Granting Summary Judgment in Favor of the Defendants (dkt. no. 23) is denied. Plaintiff's two requests to take judicial notice (dkt. nos. 24, 26) are denied as moot.

1     It is further ordered that Plaintiff's Opposition to U.S. Magistrate Judge's
2 Recommendation for Court Order Granting Summary Judgment in Favor of Defendants
3 (dkt. no. 25) is stricken. Plaintiff previously filed an objection to the Magistrate Judge's
4 Report and Recommendation, which the Court did consider. (Dkt. no. 13.)

6     DATED THIS 21st day of January 2014.

                                              MIRANDA M. DU
                                              UNITED STATES DISTRICT JUDGE